ADA MUNSON, PLAINTIFF-RESPONDENT, v. ANNA MARIE JOHNSTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1953—Decided September 10, 1953.

Before Judges EASTWOOD, BIGELOW and JAYNE.

*Mr. Milton M. Abramoff* argued the cause for the respondent (*Messrs. Abramoff & Price*, attorneys).

*Mr. Ralph L. Fusco* argued the cause for the appellant.

PER CURIAM. This appeal presents only the issue, has the Superior Court jurisdiction of the subject matter?

The complaint shows that the plaintiff, Mrs. Munson, is the aunt of an infant, Daniel Johnston, who was born in

1950, the son of Malcolm K. F. Johnston, now deceased, and Anna, his wife. Mrs. Johnston is the defendant to the action. She is domiciled in New Jersey, but she is unable to care for her child since she is confined in jail awaiting trial for murder. A Mrs. Newman, who is not a party to the cause, removed the child from New Jersey a few weeks before the action was begun. Plaintiff is informed and believes that the child resides with Mrs. Newman in Massachusetts. Plaintiff prays for custody of the child.

Mrs. Johnston moved to dismiss for lack of jurisdiction and, upon denial of the motion, appealed. She argues that the court has no jurisdiction since the infant is actually in Massachusetts.

■■ The domicile of a child follows the domicile of the father or, if he be dead, the domicile of the mother. *In re Russell*, 64 *N. J. Eq.* 313 (*Prerog.* 1902). The circumstance that a third party, Mrs. Newman, has removed the child from the State does not affect the child's domicile, although it might be otherwise if the child were removed with the mother's consent and with the understanding that the child would reside out of the State permanently, or for a prolonged, though indefinite, period. Because of the child's domicile, we are satisfied that the court has jurisdiction of custody as between the aunt and the mother. *In re Williams*, 77 *N. J. Eq.* 478 (*Ch.* 1910). We do not attempt to consider what weight a final judgment in this action would receive in the event of litigation in Massachusetts. While Mrs. Newman is named as a defendant in the complaint, she has not appeared or been served.

Order affirmed.